Brady, J. (concurring).
The issue in this case was whether an agreement such as was stated by the witness Fish to have been made with the plaintiff, was in fact made, and it was submitted to the jury in an elaborate charge, to which no exception was taken by either side, and in reference to which no requests were submitted on the part of the appellants. The verdict of the jury determined as a question of fact the nonexistence of the alleged agreement; and although the issue on the evidence, as appears in the record, is sustained and assailed by testimony for and against it, the credibility of the witnesses called upon the subject was necessarily considered and disposed of by the jury. It consequently cannot with propriety be said that the preponderance of evidence is decidedly in favor of the defendant.
The presiding justice suggests in his dissenting opinion, that everybody is bound to know that the president of a bank has no power to make such an arrangement as was presented by the issue, and against the existence of which the jury by their verdict have pronounced. ' Assuming this proposition to be correct, it has its counterpart in the proposition that the president of the bank, or the bank itself, through its board of directors, had full notice that the plaintiff, acting as a trustee, had no authority to make any such arrangement as was said to have been made with regard to the funds deposited. Duncan v. Jaudon, 15 Wall., 165 ; Jaudon v. Nat. City Bk., 8 Blatchf., *141 430; Pannell v. Hurley, 2 Coll., 244; Lowry v. Commercial Bk., Taney's Dec., 310.
For these reasons it is thought the re-argument ought not to be granted. I therefore concur with Justice Daniels.